UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILOMENA G. MCGEE and<br>DONALD M. BIRD,<br><br>          Plaintiffs,<br><br>     v.<br><br>KIMBERLY MANSFIELD, et al.,<br><br>          Defendants. | No. 2:21-cv-2216-KJM-KJN PS<br>No. 2:22-cv-1456-KJM-KJN PS<br><br>ORDER IMPOSING SANCTIONS |

      Plaintiffs filed these actions alleging multiple claims against officers of the California Department of Justice related to an April 2021 search and seizure at plaintiffs' residence.  (ECF No. 1 in both 2:22-cv-1456 and 2:21-cv-2216.)  The court stayed both cases pending the resolution of criminal charges filed against plaintiff Bird.  The parties were ordered to confer and file a joint statement within 30 days of the resolution of the charges.  (2:22-cv-1456, ECF No. 6; 2:21-cv-2216, ECF No. 9.)  Plaintiffs refused to do so.  The court ordered plaintiffs to show cause as to why sanctions should not issue for repeated failures to follow orders.  (ECF No. 20.)

      Plaintiffs have continuously engaged in misconduct, both in the original and the related cases (as detailed below) that demonstrate an intent to circumvent the court's orders.  However, all parties appear to acknowledge that plaintiff Bird's criminal charges have been dismissed.  Therefore, the court sanctions plaintiffs' $500 for their misconduct.  Once plaintiffs have paid the

1

sanction, the court will consider lifting the stays and ordering a response from defendant. Failure to promptly pay the sanctions will result in a recommendation that these cases be dismissed.

**Background**

Plaintiffs Philomena G. McGee and Donald M. Bird allege that California Law Enforcement Officer Kimberly Mansfield led other officers in a search of plaintiffs' residence on April 19, 2021, resulting in a seizure of plaintiffs' firearms and ammunition. (2:21-cv-2216, ECF No. 1.) Plaintiffs, proceeding without the assistance of counsel, filed a case against Mansfield and two unnamed individuals alleging Constitutional and state law violations. (Id.) Plaintiffs paid the filing fee and served Mansfield. (2:21-cv-2216, ECF No. 2.)

In January of 2022, Mansfield filed a motion to stay the case under Wallace v. Kato, 549 U.S. 384, 393-94 (2007), presenting exhibits indicating criminal charges had been filed against Bird for violations of Cal. Penal Code §§ 29825(b) and 30305(a)(1) (unlawful possession of a firearm and ammunition). (2:21-cv-2216, ECF No. 7.) The court took Mansfield's motion under submission, ordered plaintiffs to file opposition, but received none. (2:21-cv-2216, ECF No. 8.) The court granted Mansfield's motion and stayed the case, finding that a determination of Bird's civil claims could implicate the validity of any criminal conviction and would therefore be potentially barred under Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). (2:21-cv-2216, ECF No. 8.) The court ordered the parties to file a joint statement indicating their positions on how to proceed with the civil case within 30 days of the resolution of Bird's criminal case. (2:21-cv-2216, ECF No. 9.)

In March, plaintiffs filed a motion to lift the stay, but the court denied the motion, noting plaintiffs' failure to file a joint statement and failure to indicate the status of Bird's criminal case. (2:21-cv-2216, ECF Nos. 11, 12.) The court warned plaintiffs that any failures to follow the court orders could result in sanctions. (2:21-cv-2216, ECF No. 12.) McGee then filed a motion to amend the complaint, suggesting she would remove Bird as a plaintiff so the case could proceed, and stating she would refile the case in her own name in the event the court denied the motion. (2:21-cv-2216, ECF No. 13.) The court denied amendment without prejudice, noting the related nature of McGee's alleged claims and Bird's criminal proceedings. (2:21-cv-2216, ECF No. 14.)

The court restated its warning about potential sanctions for failure to follow the court's orders, and explicitly warned that a refiling of the case would be construed as intolerable gamesmanship. (Id.) The court warned that should McGee file another case, the new case would be related to the first and immediately stayed, and sanctions would issue. (Id.) The court restated it would entertain a joint statement at the conclusion of Bird's criminal case. (Id.)

In July, plaintiffs filed a motion to reschedule the status conference and requested the court to lift the stay. (2:21-cv-2216, ECF No. 15.) Plaintiffs attached a two-page document that appeared to indicate Bird's criminal charges may have been dismissed. (Id.) Mansfield opposed amendment, requesting a dismissal sanction for plaintiffs' failures to follow court orders. (2:21-cv-2216, ECF No. 16.) On August 4, 2022, the court issued an order declining Mansfield's motion to dismiss. (2:21-cv-2216, ECF No. 17.) The court also denied plaintiffs' motion to lift the stay, noting the status of Bird's criminal case was unclear and that the parties failed to provide the joint statement indicating how the case was to proceed. (Id.) The court again instructed plaintiffs to confer with defense counsel on a joint statement regarding "whether (a) it was appropriate to lift the stay, and (b) if so, how this case should proceed." (Id.) The court again cautioned plaintiffs that a failure to follow court orders would result in sanctions. (Id.)

Mansfield filed a statement with the court on August 30, 2022, that (a) recounted a history of the court's orders in this case; (b) indicated since the August 4th order, neither plaintiff attempted to confer with defense counsel, despite counsel's letter inviting conferral (received by defendants on August 19); and (c) cited the fact that on August 17, 2022, plaintiffs filed a new case (2:22-cv-1456-KJM-AC) against Mansfield alleging the same facts as in the original case. (2:21-cv-2216, ECF No. 18.) The district judge in the first case related plaintiffs' two cases and referred both to the undersigned. (2:21-cv-2216, ECF No. 19.)

On September 14, 2022, the court ordered plaintiffs to show cause why sanctions should not issue. (2:21-cv-2216, ECF No. 20.) Plaintiffs were instructed to explain the documents attached to their August 30th filing, why they failed to confer with defense counsel to file a joint statement, and why they refiled the case—despite the court's clear warnings that failure to follow the court's orders would not be tolerated and would result in sanctions. (Id.) The court provided

plaintiffs 14 days to respond.  (Id.)

In response, plaintiffs filed in the second case a document labeled "First Amended Complaint" on September 21, 2022, reciting various constitutional provisions and including a news article attachment.  (2:22-cv-1456, ECF No. 7.)  Upon review, the court determined the document to be a response to the order to show cause.  (2:21-cv-2216, ECF No. 22.)  The clerk docketed plaintiffs' filing as a response to the OSC, and the court ordered Mansfield to reply.  (Id.)  Mansfield did so, indicating Bird's criminal matter had in fact been dismissed after he completed diversion, but requesting the court issue dismissal sanctions because of plaintiffs' bad faith conduct.  (2:21-cv-2216, ECF No. 23.)

### A. Monetary sanctions of $500 is appropriate due to plaintiffs' conduct.

### Legal Standards

District courts retain broad discretion to control their dockets, and in the exercise of that power they may impose sanctions.  See Thompson v. Hous. Auth. of City of Los Angeles, 782 F.2d 829, 831 (9th Cir. 1986).  Three authorities allow a court to impose sanctions against a party or counsel: Rule 11,[1] 28 U.S.C. § 1927, and the court's inherent power to regulate its docket.  See City of Los Angeles v. Garcetti, 2021 WL 6751982, at *1 (C.D. Cal. Dec. 21, 2021).  The rules apply equally to unrepresented parties.  See King v. Atiyeh, 814 F.2d 565, 657 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); see also Local Rule 183(a) ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable rules.").

A court may impose sanctions pursuant to Rule 11 where a party makes representations to the court that harass, cause unnecessary delay, or needlessly increase the cost of litigation.  See Rule 11(a-c); see also Bus. Guides, Inc. v. Chromatic Commun. Enterprises, Inc., 892 F.2d 802, 813 (9th Cir. 1989), aff'd, 498 U.S. 533 (1991) (noting that Rule 11 only applies to pleadings, motions, or other papers and not to the entire conduct of the proceedings); see also McMahon v. Pier 39 Ltd. Partn., 2003 WL 22939233, at *6 (N.D. Cal. Dec. 5, 2003) (warranting Rule 11

---

[1] Citation to the "Rule(s)" are to the Federal Rules of Civil Procedure, unless otherwise noted.

4

sanctions against pro se litigant for duplicative filings against the same defendants for the improper purpose of harassment). In determining whether a violation of Rule 11 occurred, the court must determine whether the party acted objectively reasonable. See Warren v. Guelker, 29 F.3d 1386, 1388 (9th Cir. 1994) (noting a court must consider a litigant's pro se status in evaluating the reasonableness of the party's representations).

Alternatively, sanctions pursuant to the court's inherent authority are appropriate where a party engages in "a broad range of willful improper conduct." See Fink v. Gomez, 239 F.3d 989, 992 (9th Cir. 2001); see also Local Rule 110 (permitting a court to impose sanctions on a party who fails to comply with the court's rules or any order of the court). Inherent power sanctions are generally warranted on five bases: bad faith, vexatiousness, wantonness, oppressive actions, and willful disobedience. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 766-67 (1980). Mere recklessness or negligence alone is insufficient; however, a court may impose sanctions for reckless or negligent conduct when "combined with an additional factor such as frivolousness, harassment, or an improper purpose." See Fink, 239 F.3d at 994.

Before imposing sanctions, the court must provide the party responsible for the violation notice and a reasonable opportunity to respond. See Rule 11(c)(1) (indicating Rule 11 due process requirements); see also Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991) (indicating inherent power due process requirements). Rule 11 sanctions require the court to issue an order show cause, and the violating party must respond by showing why conduct specifically described has not violated the rule. See Rule 11(c)(3). An opportunity to respond through submission of a brief is usually all that is required for the court to impose sanctions pursuant to its inherent powers. See Childs v. State Farm Mut. Auto. Ins. Co., 29 F.3d 1018, 1027 (9th Cir. 1994).

Despite a court's broad discretion in sanctioning improper conduct, sanctions are limited to those sufficient to deter a repeated violation by defendant or others similarly situated. See U.S. v. Thompson, 2004 WL 721148, at *1 (E.D. Cal. Feb. 10, 2004). Severe sanctions, including involuntary dismissal, may only be imposed in extreme circumstances and after consideration of less drastic sanctions. See West v. Goodyear Tire & Rubber Co., 167 F.3d 776, 779 (2d Cir. 1999) (noting involuntary dismissal is a harsh sanction); see also Guelker, 29 F.3d at 1390 (noting

a court may consider a party's pro se status in assessing the basis and measure of sanctions). An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction. See Rule 11(c)(6).

**Analysis**

Throughout these proceedings, plaintiffs have repeatedly attempted to circumvent the court's orders. Thus, sanctions are warranted.

Plaintiffs' filing of an additional case alleging the same facts (2:22-cv-1456-KJM-AC) as an attempt to circumvent the court's orders warrants Rule 11 sanctions. See Rule 11(b) (Rule 11 sanctions are appropriate where a party files a pleading, motion, or other paper "presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."); see also McMahon, 2003 WL 22939233 at *6 (imposing Rule 11 sanctions against pro se litigant for filing duplicative actions for an improper purpose of harassment). Here, plaintiffs' refiling was not objectively reasonable, even considering their pro se status, as the court explicitly warned plaintiffs a refiling would be construed as intolerable gamesmanship. (2:21-cv-2216, ECF No. 14.) See Bus. Guides, Inc., 892 F.2d at 809 (noting that the court must consider a litigant's pro se status in determining whether the Rule 11 violation was objectively reasonable); see also Portnoy v. Veolia Transp. Services, Inc., 2014 WL 3689366, at *6 (E.D. Cal. July 24, 2014) (finding a pro se plaintiff's subsequent filings were not objectively reasonable where numerous court orders warned plaintiff against refiling the claim).

Additionally, plaintiffs' failures to follow even the simplest of instructions justifies sanctions. The court's purpose in staying the case to await the conclusion of Bird's criminal case was well supported by the law, and the rationale for requiring the parties to confer after the resolution of that criminal case supports the court's goals of efficiently moving cases forward and emphasizing civility in the legal process. This is especially important in civil cases where, should plaintiffs make it to discovery, they would be required to work with defense counsel to exchange documents and questions/answers, potentially interview witnesses, and the like. Plaintiffs' repeated failures to inform the court of the status of the criminal proceedings, explain the attachments to their August 30th filing, confer with defense counsel, and participate in the filing

6

of a joint statement justify sanctions under the court's inherent authority.  See Chambers, 501 U.S. at 44 (indicating a court may impose sanctions pursuant to their inherent authority for conduct abusive to the judicial process); see also Piper, 447 U.S. at 766-67 (noting disobedience as a basis for inherent power sanctions).  Plaintiffs' response to the OSC does no more than recite boilerplate, and does not even attempt to address or explain why their misconduct should not result in sanctions despite repeated warnings.  (2:21-cv-2216, ECF No. 23.)  See, e.g., Boustred v. Govt., 2008 WL 4287570, at *2 (N.D. Cal. Sept. 17, 2008) (sanctioning a pro se plaintiff for repetitive filings and failure to properly respond an order to show cause); see also Malone v. United States Postal Service, 833 F.2d 128, 130-31 (9th Cir. 1987) (sanctions for failure to comply with court orders).

The court provided plaintiffs ample notice and opportunity to explain their misconduct.  See Toombs v. Leone, 777 F.2d 465, 472 (9th Cir. 1985) ("Due process . . . requires that parties subject to sanctions have sufficient opportunity to demonstrate that their conduct was not undertaken recklessly or willfully.")  The court issued several orders warning plaintiffs that it would not tolerate gamesmanship, including their threat to refile the case and repeated failures to follow the court's instructions.  (2:21-cv-2216, ECF Nos. 9, 12, 14, 17, 20.)  The OSC not only specified plaintiffs' misconduct, but instructed plaintiffs to respond and explain the documents attached to their August 30th filing, why they failed to confer with defense counsel to file a joint statement, and why they refiled the case—despite warnings that further misconduct could result in sanctions.  (2:21-cv-2216, ECF No. 20.)  See Boustred, 2008 WL 4287570 at *2 (finding an order to show cause satisfied notice and hearing requirements prior to imposing Rule 11 sanctions); see also Childs, 29 F.3d at 1027 (noting the opportunity to brief the issue fully satisfies notice and opportunity requirements to impose inherent power sanctions).  Accordingly, the court's OSC satisfies due process.

However, despite plaintiffs' repeated, flagrant, and frankly incomprehensible conduct displayed thus far, the court finds dismissal sanctions inappropriate at this time.  Simply, courts are instructed to attempt lesser sanctions before dismissal, especially where plaintiffs are pro se litigants and a monetary sanction may adequately deter future misconduct.  See Thompson, 2004

7

WL 721148 at *1 (noting that a court may only impose sanctions sufficient to deter a repeated violation by defendant or others similarly situated); see also West, 167 F.3d at 779 (stating that less drastic sanctions must be considered before a dismissal sanction); see also Sharma for Shree Shiva LLC v. City of Redding, 2018 WL 2415064, at *2 (E.D. Cal. May 29, 2018) (indicating a plaintiff should be granted some leeway when bringing a case without an attorney).  In light of plaintiffs' pro se status, a monetary sanction in the amount of $500 is sufficient.  See Aguilar v. Applied Underwriters, Inc., 2020 WL 8254264, at *2 (E.D. Cal. Nov. 12, 2020) ("The amount of sanctions to be imposed rests within the discretion of the district court.").

### B. The court will consider lifting the stays after plaintiffs' pay the sanctions, given the dismissal of Bird's criminal case.

A district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." Clinton v. Jones, 520 U.S. 681, 706 (1997).  A stay is an "exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstance of the particular case."  See Nken v. Holder, 556 U.S. 418, 433 (2009).  Generally, the court will maintain a stay where "it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it." Ontiveros v. Zamora, 2012 WL 133042504, at *3 (E.D. Cal. July 26, 2012).  The corollary of the power to stay an action is the "ability to lift a stay previously imposed."  See Boyle v. Cnty. Of Kern, 2008 WL 220413, at *5 (E.D. Cal. Jan. 25, 2008).  The court may lift the stay when circumstances have changed such where the court's reasons for imposing the stay are inappropriate or no longer exists.  See Crawford v. Japan Airlines, 2013 WL 2420715, at *6 (D. Haw. May 31, 2013).  Lifting a stay is appropriate where it is necessary to "provide for the prompt and efficient determination of the cases pending before it." Huerta v. County of Tulare, 2021 WL 367734, at *2 (E.D. Cal. Aug. 19, 2021); see also, e.g., Rhoden v. Mayberg, 2013 WL 4517793, at *1 (E.D. Cal. Aug. 26, 2013) (lifting a stay where pending state proceedings concluded).

Here, maintaining the stays on the original and related case may no longer be justified given the dismissal of Bird's criminal charges.  See Boyle, 2008 WL 220413 at *5.  The court stayed the original and related cases pending the outcome of criminal charges filed against Bird

8

resulting from Mansfield's search.  (2:22-cv-1456, ECF No. 6; 2:21-cv-2216, ECF Nos. 7, 9.) However, Mansfield's reply informed the court of the dismissal of Bird's criminal charges. (2:21-cv-2216, ECF No. 23.)  See, e.g., Crawford, 2013 WL 2420715 at *6 (noting that while courts may maintain a stay where it is efficient and fair course for the parties, it is appropriate to lift the stay if the reason for its imposition no longer exists); Huerta, 2021 WL 367734 at *2 (noting a court may lift the stay where it is necessary for the prompt and efficient determination of the matter).  Once the sanctions are paid, the court will consider lifting the stays.

**Conclusion**

Plaintiffs' flagrant violations of the court's orders—including their refiling of the case, their failure to inform the court of the status of Bird's criminal proceedings, their attaching of an unexplained document to the August 30th filing, and their failure to confer with defense counsel and participate in the filing of a joint statement—warrant sanctions.  However, given that Bird's criminal charges have been dismissed, and given the court has not yet tried lesser sanctions, dismissal at this time would be inappropriate.  Instead, plaintiffs shall pay a monetary sanction of $500.  Once the sanctions are paid, the court will consider lifting the stays and ordering a response from defendant.  Plaintiffs are warned that failure to pay these sanctions in a timely manner, or failure to request an extension with good cause, may result in more severe sanctions, likely including dismissal of both cases with prejudice.

**ORDER**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs are sanctioned in the amount of $500 pursuant to Rule 11 and the court's inherent power.  The sanction shall be paid to the Clerk of this Court within thirty (30) days from the date this order is filed.  The check shall be made payable to "Clerk, U.S. District Court."

2. For the reasons stated above, plaintiff's motion for a settlement conference (2:22-cv-1456 at ECF No. 10) is DENIED as premature.

Dated:  November 1, 2022

SD/BH, mcge.2216 and mcge.1456

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE